MARY CURTIL, PLAINTIFF, v. LOUIS BONHARD AND SAMUEL GINDIN, DEFENDANTS.

Submitted March 13, 1924—Decided May 28, 1924.

Replevin—Judgment Against the Writ—Bond in the Case Subject of this Suit—Suit Not Defended at Trial—Alleged Failure to Recover Notice—Allegation of Discharge of Bond.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *August C. Streitwolf.*

For the defendants, *W. R. Grosson* (*Domenick M. Acocelia,* of counsel).

PER CURIAM.

This case is before us on a defendant's rule to show cause why a verdict rendered should not be set aside and a new trial allowed.

The facts are briefly as follows: The plaintiff, Mary Curtil, was the owner of a certain goods and chattels which were in the custody of Peter Squiendo. On July 1st, 1919, Louis Bonhard instituted an action of replevin in the Middlesex County Circuit Court against Squiendo. The sheriff of Middlesex county took the goods under a writ of replevin. Bonhard and one Samuel Gindin, as surety, executed a bond for $2,400 for the prosecution of the suit and the return of the goods and chattels, should a return be awarded. This action was tried on July 12th 1921. A verdict was rendered in favor of Mary Curtil. The judgment rendered directed that Bonhard return the articles within ten days after the entry of judgment. This Bonhard did not do. On October 25th, 1922, the sheriff assigned the replevin bond to Mary Curtil. She instituted this suit against Bonhard and Gindin. A judgment against Gindin was taken by default. Bonhard filed an answer. He did not, however, appear at the trial. A judgment of $1,224.18 was obtained against him by Mary Curtil. The attorney for the defendant Bonhard claims that the plaintiff's attorney agreed to

notify him when the case came on for trial, and that he failed to do so. There was no written agreement to this effect. The agreement is claimed to have been made in the county clerk's office, in New Brunswick, between Mr. Basik and Mr. Steitwolf, the plaintiff's attorney. Mr. Basik was the representative of the defendants' attorney. There is printed in the record what purports to be an affidavit of Mr. Basik, but it is not signed, and the jurat is not filled out. The attorney for the defendant Bonhard rests solely upon this alleged affidavit of Mr. Basik. No affidavits have been taken under the rule in behalf of Bonhard. No opportunity has been given to the plaintiff or to her attorney to cross-examine Mr. Basik. The burden is upon the defendant Bonhard to establish the facts set forth in his petition. He has failed to do so under the rules and practice of this court. Supreme Court rule 122. We are therefore of the opinion that the rule to show cause in this case should be discharged. We have reached this conclusion the more easily, because from an examination of the record there appears to have been no meritorious defense interposed. The answer states that the judgment was not entered on July 12th, 1921, but on September 2d, 1922, and the defendant Bonhard then tendered to the plaintiff the goods in question. The record of the judgment it is stated shows that it was entered on July 12th, 1921. A tender made in September would be too late.

The second defense is that Bonhard never received the goods enumerated in the writ, but only a part of them. This states no defense, because the defendant cannot attack collaterally a sheriff's return, which states that he took and delivered all the goods to the defendant.

The third defense is that the replevin bond was formally discharged. The defendant relies upon a marginal note appearing opposite the record of the bonds in the county clerk's office reading, "Canceled November 28th, 1919." No one knows how this marginal note got there. This could constitute no defense to this suit, as it does not appear that there was an order made canceling the bond.

The rule to show cause is discharged, with costs.